IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRITTANY F.,

    Plaintiff,

v.                                       CIVIL ACTION NO. 2:22-cv-160

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

FILED
AUG 21 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Brittany F.'s [1] ("Plaintiff") Objection to the Report and Recommendation ("R & R") of the Magistrate Judge ("Objection") dated March 2, 2023. Pl.'s Obj. R & R, ECF No. 19. For the reasons set forth below, Plaintiff's Objection is **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's motion for summary judgment, ECF No. 13, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 16, and the decision of the Acting Commissioner ("Defendant" or "Commissioner") is **AFFIRMED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation. *See* R. & R. Feb. 16, 2023, ECF No. 18 ("R & R"). This case involves Plaintiff's protective claims for disability and supplemental security income ("SSI") benefits under the Social Security Act. *See* Administrative Record, ECF No. 11 ("R"). Plaintiff alleged disability beginning August 24, 2019, based on sarcoidosis, asthma,

---

[1] In accordance with a committee recommendation of the Judicial Conference, plaintiff's last name has been redacted for privacy reasons. Comm. On Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

migraines, sleep apnea, diabetes, arthritis, hypertension, and auditory and visual disorders. *Id.* at 117-118, 127-28. The state agency denied her application initially and on reconsideration. *Id.* at 175, 185. Plaintiff then requested an administrative hearing. *Id.* at 199. The hearing was held on July 7, 2021. *Id.* at 40-63. Counsel represented Plaintiff at the hearing, and a vocational expert ("VE") testified. *Id.*

On August 11, 2021, an Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability or SSI benefits. *Id.* at 17-34. The ALJ followed the sequential five-step analysis outlined in 20 C.F.R. §§ 404.1520(a) and 416.920(a) to evaluate Plaintiff's disability claim. *Id.* at 22-33. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of the alleged onset date of disability. *Id.* at 22. At step two, the ALJ found that Plaintiff's neuropathy, obesity, sarcoidosis, Sjogren's syndrome,[2] diabetes mellitus, asthma, left knee disorder, and neurodevelopmental disorder constituted severe impairments. *Id.* at 23-26. However, the ALJ found that Plaintiff did not qualify as disabled at step three because the severity of these impairments considered "either singly and in combination, failed to meet or medically equal" the severity of one of the impairments listed in the applicable regulation. *Id.* at 23-26. At step four, the ALJ proceeded to determine Plaintiff's residential functional capacity ("RFC"), concluding that Plaintiff possessed the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with certain limitations. *Id.* at 26-32. While the ALJ found that Plaintiff's impairments could be reasonably expected to cause certain alleged symptoms and credited Plaintiff's statements, he did not find the opinion of Plaintiff's treating physician, Dr. Syed, regarding the limiting effects of her impairments to be entirely

---

[2] The Court notes that the ALJ included Sjogren's syndrome as a medically determinable severe impairment because the medical record revealed symptoms of the disease. The ALJ also included neurodevelopmental disorder as a severe impairment given Plaintiff's symptoms based on school records. *See* R. 23.

2

consistent with the medical and record evidence. *Id.* at 30-32. In particular, the ALJ did not find Dr. Syed's opinion regarding Plaintiff's need for extra breaks and bedrest for pain relief to be persuasive because it was inconsistent with Dr. Syed's contemporaneous treatment notes along with other objective findings in the medical record. *Id.* at 31. Given Plaintiff's determined RFC, the ALJ found that Plaintiff could not perform any of her past relevant work. *Id.* at 32. At step five, the ALJ found that Plaintiff could perform other available jobs that exist in the national economy, including a document preparer and press clippings cutter and paster position. *Id.* at 33. Based on the above, the ALJ found that Plaintiff was not disabled from her onset date through the date of the August 11, 2021 decision. *Id.* at 33-34.

On February 18, 2022, the Appeals Council denied Plaintiff's request for review. *Id.* at 1-3. On April 19, 2022, Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the decision of the Acting Commissioner of Social Security. Compl., ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that she was not entitled to an award of DIB or SSI, claiming that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." *Id.* at ¶ 8.

By order filed on June 22, 2022, this action was referred to United States Magistrate Judge Douglas E. Miller ("Judge Miller") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[3] Order, ECF No. 10. On June 23, 2022, Magistrate Judge Miller entered an order directing Plaintiff to file a motion for summary judgment within thirty (30) days from the date of the order, and for Defendant to file a responsive

---

[3] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

memorandum, a cross-motion for summary judgment if desired, and a statement of his position within thirty (30) days from Plaintiff's filing of a motion for summary judgment. Order June 23, 2022, ECF No. 12. On July 25, 2022, Plaintiff filed the instant Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 13; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 14 ("Pl.'s Mem. Supp."). On August 12, 2022, Defendant filed the instant Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 16; Def.'s Mem. Supp. Mot. Summ. J., ECF No. 17 ("Def.'s Mem. Supp.").

On February 16, 2023, Judge Miller filed his R & R, in which he recommended the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the decision of the Commissioner be **AFFIRMED**. R & R at 23. On March 2, 2023, Plaintiff filed the instant Objection to the R & R. Pl.'s Obj. On March 15, 2023, the Commissioner filed a Response to Plaintiff's Objection. Def.'s Response to Pl.'s Obj., ECF No. 20 ("Def.'s Response"). Plaintiff did not reply. Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Title 28 U.S.C. § 636(b)(1), which provides district judges with the authority to refer such matters, "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Therefore, "a mere restatement of the arguments raised in the summary judgment filings does not

4

constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, receive further evidence, and may recommit the matter to the magistrate judge with instructions. Fed. R. Civ. Proc. 72(b)(3); *accord Holloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997). When conducting this "*de novo* determination," a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## III. DISCUSSION

Plaintiff raises a single objection to Judge Miller's recommended finding that the ALJ properly assessed Dr. Syed's opinion. Pl.'s Obj. Specifically, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ satisfied the articulation requirements of 20 C.F.R. §§ 404.1520(c) and 416.920(c) by performing a "cursory analysis of the opinion of Dr. Syed." *Id.* at 1. In response, Defendant argues that Plaintiff's Objection should be overruled because it reargues the same issues raised in her Motion for Summary Judgment, or in the alternative, should be rejected because the ALJ decision is supported by substantial evidence. Def.'s Resp.

As an initial matter, the Court finds that Plaintiff's purported errors are unfounded and ultimately offered in an effort to relitigate arguments raised on summary judgment. *Nichols*, 100 F. Supp. 3d at 497. Plaintiff's Objection maintains that the ALJ's assessment of Dr. Syed's opinion was improper because the ALJ did not provide a legally sufficient explanation of how he considered the supportability and consistency factors in evaluating Dr. Syed's opinion. Pl.'s Obj. at 2. Therefore, Plaintiff's own pleadings reveal that her criticism of the Magistrate Judge's analysis is in fact a veiled "rehashing of the arguments raised in [her] Motion for Summary Judgment." *Nichols*, 100 F. Supp. 3d at 497. Although the wording slightly differs, the substance of Plaintiff's objection clearly repackages her summary judgment position, which argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence of Plaintiff's treating physician, Dr. Syed. *See* Pl.'s Obj. at 1-2; *compare* Mem. Supp. Pl.'s Mot. Summ. J. at 9-14. Because Judge Miller fully reviewed these contentions and subsequently rejected them, Plaintiff fails to properly object to the Magistrate Judge's disposition. Therefore, the Court reviews the Magistrate Judge's findings for clear error rather than *de novo*. Fed. R. Civ. Proc. 72(b)(3); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D.

Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard*, 932 F.2d at 509); *accord Lee v. Saul*, No. 2:18-cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Plaintiff criticizes the Magistrate Judge for finding that the ALJ properly assessed Dr. Syed's opinion in compliance with applicable regulations. Pl.'s Obj. at 1-2 (arguing that the Magistrate Judge "recommends that the ALJ be excused of the obligation to satisfy the[] articulation standards because the ALJ analyzed the evidence elsewhere in the decision." *Id.* at 2. However, the Magistrate Judge correctly found that the ALJ's evaluation of Dr. Syed's opinion as not persuasive complied with the relevant rules based on the discussion of how "it was inconsistent with objective findings in the medical record[] and not supported by the doctor's contemporaneous record." R. & R. at 17. Furthermore, in assessing the legal propriety of the ALJ's analysis, Judge Miller engaged in a thorough review to ensure that the ALJ applied the proper legal standard and supported by substantial evidence. *See* R. & R. at 16-22. Based on the foregoing, the Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. *Veney*, 539 F. Supp. 2d at 846.

Yet, even if Plaintiff had raised a proper objection, the Court would nonetheless find that the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence. Plaintiff disputes whether substantial evidence and the correct application of relevant law support the ALJ's conclusion that Plaintiff was not disabled. *See* Pl.'s Obj. at 1-3. In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *See Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and

7

must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Having independently reviewed the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence and a proper assessment of the persuasiveness of Dr. Syed's opinion.

When making a RFC determination, an ALJ must consider and evaluate all medical opinions and medical evidence. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). However, the regulations do not require the ALJ to "adhere to any particular format" in the decision, although the ALJ must comply with a "reasonable articulation standard" that enables "a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review [the ALJ's] final decision." 82 Fed. Reg. 5844-01 at 5858; *Woodson v. Berryhill*, 2018 WL 4659449, at *6 (E.D. Va. Aug. 7, 2018), report and recommendation adopted, 2018 WL 4658681 (E.D. Va. Sept. 27, 2018). Here, the ALJ assessed the persuasiveness of Dr. Syed's opinion and found that it was not supported by or consistent with the "objective medical evidence and supporting explanations" in several instances. *See* C.F.R. §§ 404.1520c(c)(1).

At step four, the ALJ determined that Plaintiff possessed the RFC to perform sedentary work with certain restrictions after considering and discussing the full record. R. at 26-32. The ALJ did not adopt Dr. Syed's suggested work limitations that Plaintiff receive extra breaks and bedrest during the day for pain relief based on explained inconsistencies with medical and other record evidence. R. at 28 -31. However, the ALJ explained that the lack of supportability and consistency between Dr. Syed's opinion and Plaintiff's contemporaneous treatment notes and objective medical record evidence made parts of his medical opinion unpersuasive. In the ALJ's own words, the RFC only included limitations that "account for the combined effect of the [Plaintiff's] impairments and give some deference to her testimony." R. at 30. The ALJ considered

that Plaintiff "continued to report neuropathic pain, despite several treatments for it, but she has not received treatment or been diagnosed with depression or other mental symptoms related to her pain, which undermines the extent of her alleged pain." *Id.* at 31. The ALJ further explained that Dr. Syed's statements regarding his belief that Plaintiff is disabled were not persuasive because "objective evidence" and Plaintiff's "treatment notes do not support his opinions." *Id.* In particular, Dr. Syed's suggested work limitations that would require Plaintiff to receive extra breaks and bedrest during the day for pain relief conflicted with his treatment notes that "do not describe [Plaintiff] as bedridden . . . . generally reflect normal motor strength and intact gait...[and] generally presents [Plaintiff] as alert, oriented, and cooperative, on examination." *Id.*

Based on the above, Plaintiff incorrectly claims that the ALJ's "vague reference to a general summarization of Plaintiff's medical history made earlier in the ALJ's Decision [did] not identify which medical records evidence a lack of supportability and consistency with regard to Dr. Syed's opinion *specifically.*" Pl.'s Obj. at 2 (emphasis in original). The ALJ is not required to "adhere to any particular format," so long as he clearly articulates how he considered the supportability and consistency factors. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). Here, the ALJ sufficiently explained how the evidence supports the RFC determination that Plaintiff is able to perform sedentary work with certain restrictions that include some but not all of Dr. Syed's suggested work limitations based on their supportability and consistency. Finally, the written opinion enables this Court to "trace the path" of the ALJ's reasoning as required by regulation. *See* 82 Fed. Reg. 5844-01 at 5858; *Woodson*, 2018 WL 4659449, at *6. Therefore, in reviewing this objection clear error, the Court finds that the ALJ's assessment of the Dr. Syed's opinion meets the reasonable articulation standard under the new

9

regulations. Substantial evidence pulled from Plaintiff's hearing testimony, medical records, reported activities, and medical opinions all provide support for the ALJ's assessment of Dr. Syed's opinion and finding that Plaintiff is not disabled. *See Richardson v. Perales*, 402 U.S. 389, 400 (1971) (citations omitted). Thus, Plaintiff's Objection is overruled.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objection to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objection, and it is therefore **OVERRULED**. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed February 16, 2023. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, ECF No. 16, Plaintiff's Motion for Summary Judgment is **DENIED**, ECF No. 13, and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner. This case is **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 18, 2023

/s/
Raymond A. Jackson
**United States District Judge**